SAVOY, Judge.
The instant case was consolidated for purposes of trial with that of Higgins v. Hankla et al., La.App., 208 So.2d 540, bearing number 2294 on the docket of this Court, and a separate decree is being handed down this date.
These cases are in tort. After a trial on the merits, the district judge rendered judgment in the instant case in favor of Sylvia Scott Frank and her minor children, Corlis Frank, Randal Frank, Felicia Marie Frank, and Willette Frank, and against Randolph A. Hankla, Jr. and United States Fire Insurance Company, in solido, but dismissed plaintiffs’ suit against Fireman’s Fund Insurance Company. Plaintiffs settled their claim with Randolph A. Hankla, Jr. and the United States Insurance Insurance Company, and dismissed their suit as to those parties, and appealed from that part of the judgment dismissing Fireman’s Fund Insurance Company.
In case number 2294, judgment was rendered in favor of the plaintiff, Sylvester Higgins, and against defendants, Randolph A. Hankla, Jr. and United States Fire Insurance Company, in solido, in the sum of $10,100.00, ($10,000.00 being the policy limits of the policy issued by United States Fire Insurance Company for injuries sustained by one individual. The $100.00 was for property damages to Higgins’ vehicle. This was the amount sued for.) and against Randolph Hankla, Jr., individually, for the sum of $13,300.94. United States Fire Insurance Company appealed suspensively, and Randolph A. Hankla appealed devolutively. Sylvester *539 Higgins answered the appeals asking for an increase in the district court awards.
This suit .resulted from a head-on collision on U.S. Highway 190 approximately 3.5 miles east of the City of Eunice in St. Landry Parish, Louisiana. The highway runs generally east and west, and the curve in which the collision occurred runs generally north and south.'
Prior to the collision, Sylvester Higgins was driving his 1962 Mercury in a westerly direction. As his vehicle entered the curve, it was hit head-on by a 1965 Dodge being driven in the opposite direction by Randolph A. Hankla, Jr.
As a result of the accident, Wilbert L. Frank, the sole passenger in the Higgins car, was killed, and Higgins and Hankla received extensive and severe injuries. Hankla, who did not appear to testify at the trial, was alone in his car.
The two lanes of the highway in the area of the collision were divided by a white center line with a yellow line on both sides. The accident occurred at night. The weather was clear, and the pavement was dry.
Front end damages on both vehicles were practically identical. There were no skid marks left by either vehicle leading up to the point of impact, which indicates that neither driver applied his brakes prior to the collision. However, Higgins’ vehicle left tire marks, which, according to the testimony of the investigating police officers, were made after the impact. Except for the tire mark of the left front wheel, the tire marks were exclusively in the west or south-bound lane of traffic. The tire mark of the left front wheel began east of the center line of the highway, extending back into the west-bound lane.
The investigating officers could not agree as to the point of impact, and at best could only speculate that it could have occurred on the center line, or as far east as eight inches from the center line, but they had no doubt that the greater part, if not all, of both vehicles were in the west or south-bound lane at the time of the accident.
Hankla was very intoxicated at the time of the accident.
Although Higgins’ breath smelled of liquor, the evidence indicates that he was not intoxicated at the time of the accident. He consistently maintained that he was in his proper lane of travel at the time of the accident. The testimony does indicate, however, that he told the police at the scene that he had cut left when he saw the Hankla car immediately prior to the impact.
There were only two witnesses present at the scene of the accident, both of whom were standing on the side of the road. The testimony of both was successfully impeached, and can be given no weight.
The trial court concluded that the sole cause of the accident was the gross and flagrant negligence of Randolph A. Hank-la, Jr.' in driving in a careless and reckless manner and on the wrong side of the road. The trial court also said it did not find that Higgins was guilty of any negligence which was a proximate cause of the accident.
After reviewing the entire record in this case, we have reached the same conclusion as the trial court.
On appeal, appellants contend that Sylvester Higgins should be found negligent, or at least contributorily negligent, for the reason that the tire marks of the left front wheel of Higgins’ car, which were made after the impact, appear from four to eight inches in the south lane of traffic. This argument is not convincing in light of the testimony of the investigating officer, that it cannot be established with any degree of certainty that the impact did, in fact, take place partially in the south lane of traffic. Their testimony indicates that it was just as reasonable to assume that the point of impact occurred *540 wholly in the north lane of traffic. Furthermore, it was clearly established that Hankla’s vehicle was totally in the north lane of traffic, which is Higgins’ lane, and even if Higgins had actually been eight inches over the center, it can hardly be said that this was a cause of the accident. If Higgins’ car was slightly over the center line, we agree with the trial court that this would be compatible with Higgins’ statement that he attempted to turn left immediately before the impact. Higgins was confronted by a sudden emergency created by Hankla, and his attempt to avoid the accident by turning left could hardly constitute negligence in this instance.
The issue of quantum raised on appeal by Higgins is dealt with in the opinion handed down this date in case number 2294 on the docket of this Court.
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.