SAVOY, Judge.
We have dealt with the question of liability involved in this case and assigned written reasons therefor in the case of Frank et al. Hankla et al., La.App., 208 So.2d 538, bearing number 2293 on the docket of this Court, handed down this date.
We consider here only the question of quantum raised on appeal by plaintiff.
The trial judge made the following finding as to the injuries received by plaintiff, which we adopt as our own, to-wit:
“Sylvester Higgins was severely and painfully injured as a result of the accident. He received a deep laceration of the chin, jaw and right side of the face. He was in shock, suffered a cerebral concussion, a bruised chest and fractures of the right 4th and 5th ribs. He had paralysis of the lower lip and the upper lip on the right side, a comminuted fracture of the right tibia and distal one-third of the fibula, he urinated blood indicating a contused kidney. He was hospitalized from the date of the accident' to February 24, 1965. In connection with his leg injury an open reduction was required with internal fixation of the right tibia and a long leg cast was applied. He suffered a bladder infection later due to prolonged catheter fixation. His dentist felt that twelve of his remaining teeth should be removed as they had been fractured, and accordingly, because he would have been left with only six teeth, a full mouth extraction was done at the hospital.
“Sylvester Higgins had a slow but steady recovery at the hospital with the aid of physical therapy which he was still receiving at the time of trial, and which his attending physician estimated would be discontinued after another few months. Dr. Landreneau estimated that Sylvester Higgins had received a permanent disability of approximately 25% of the right lower extremity, inclusive of his back, and stated that Higgins still complained of swelling of the right leg and of low back pain after he was advised by the physician to return to light work such as gardening. As a direct result of the fracture he developed varicose veins in the area of the injury, and it was Dr. Landreneau’s opinion that he could never return to the heavy construction work which he was doing prior to the accident but that he would be able to return to manual labor.”
We do not find from a review of the medical and other testimony that the trial court abused the large discretion vested in it in making an award to Higgins in the sum of $12,000.00 for pain and suffering.
Counsel for Higgins argues that loss of wages should be figured from the amount of wages being received at the time of the accident. DeLaune v. Lousteau, (La.App., 1 Cir., 1966), 193 So.2d 907, cited by counsel for Higgins, involves a research chemist who had been employed by Humble Oil & Refining Company for over twenty years on a salary basis. In *542 James v. State, (La.App., 4 Cir., 1963), 154 So.2d 497, also cited by counsel for Higgins, the plaintiff again was paid on a weekly salary basis. On the other hand, in the instant case, Higgins was employed and paid on an hourly basis, rather than a straight salary basis. This, we believe, distinguishes the James and DeLaune cases cited by counsel for Higgins. Therefore, we are of the opinion that the trial judge was correct in averaging Higgins’ prior wages.
Dr. Landreneau testified that although he was of the opinion that Higgins could not return to the type of heavy construction work he was doing at the time of the accident, which necessitated his being “exposed to extremes of temperature and a lot of trauma and a lot of wet work with his legs under water and such as- that,” Dr. Landreneau was of the opinion that there was a lot of other construction work that he could do, and he could return to work as a laborer, although not the same kind of labor.
For these reasons we find no error in the trial court’s award of damages for loss of earnings and future earnings.
Higgins asks for an award for future medical expenses, which was not included in the trial court’s award. We, as the trial court apparently found, are of the opinion that the record does not support such an award.
The award of $100.00 for damages to the automobile cannot be increased by this Court in view of the fact that plaintiff’s petition does not ask for more than this amount.
For the reasons assigned herein and set forth in the case of Sylvia Scott Frank et al. v. Randolph Hankla, Jr., et al., bearing number 2293 on the docket of this Court, handed down this date, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.